# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ERIC K. WELLS,

                Plaintiff,

        -vs-                                      Case No.   12-cv-804

S. MILLER,
BRIAN FOSTER, and
GARY H. HAMBLIN,

                Defendants.

## DECISION AND ORDER

        The plaintiff, who is incarcerated at Kettle Moraine Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the Court on the plaintiff's motion for leave to proceed *in forma pauperis*, his motion to appoint counsel, and for screening of the plaintiff's complaint.

        The plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $6.51. The plaintiff's motion for leave to proceed *in*

*forma pauperis* will be granted.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Additionally, Civil Local Rule 9(b) (E.D. Wis.) requires that:

> Prisoners appearing pro se who commence an action under 42 U.S.C. § 1983 for deprivations of federal rights by persons acting under color of state law must file the complaint with the Clerk of Court using the form available from the Court. The Clerk of Court will provide the forms and directions for their preparation without charge.

In this case, the plaintiff has not used the court's form. Instead, his 23-page typed complaint rambles and spends too much time making legal conclusions without clearly identifying the facts on which those conclusions are based. The complaint is written in what the plaintiff

2

might believe to be "legalese," but the complicated sentences and references to earlier terms make it very difficult to ascertain the underlying facts. The plaintiff's complaint does not describe exactly what each defendant did that plaintiff believes violated his constitutional rights.

If the plaintiff wants to proceed with this case, he must file an amended complaint concisely stating the factual basis for his claims in plain English. Such amended complaint must use the Court's form (a copy of which will be provided with this order) and must be filed on or before **Friday, November 2, 2012**. The plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A. As long as the plaintiff presents the factual situation and very generally describes his legal claims, the Court will screen them and determine whether the plaintiff may proceed. The Court is unable to do that with the plaintiff's current complaint. Failure to file an amended complaint by November 2, 2012, may result in dismissal of this action.

The plaintiff also has filed a motion to appoint counsel. He argues that he is

3

unable to retain counsel because he is indigent and in prison, that he has a learning disability and is not well versed in the law, that there are complicated issues of discrimination surrounding his claims, and that he does not have access to areas and records as a prisoner.

Although civil litigants do not have a constitutional or statutory right to appointed counsel, the Court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt*, 503 F.3d at 654; *Zarnes*, 64 F.3d at 288. Once this threshold burden has been met, the Court must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Pruitt*, 503 F.3d at 654-655 (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)).

The plaintiff has satisfied the threshold burden, but the Court believes that the plaintiff is competent to prepare an amended complaint using the court's form and writing in plain English. Accordingly, at this time, the plaintiff's motion to appoint counsel will be denied. This denial is without prejudice and the plaintiff may ask the Court again at a later stage in the litigation to consider appointing counsel.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to

4

Case 2:12-cv-00804-RTR   Filed 09/30/12   Page 4 of 6   Document 9

proceed *in forma pauperis* (Docket #4) is **granted**.

**IT IS FURTHER ORDERED** that on or before **Friday, November 2, 2012**, the plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket #2) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prisoner trust account the $343.49 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable Rudolph T. Randa
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue

Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Dated at Milwaukee, Wisconsin, this 30th day of September, 2012.

**SO ORDERED,**

*/s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U. S. District Judge**