# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ERIC K. WELLS,

                Plaintiff,

      -vs-                                             Case No. 12-cv-804

S. MILLER,
BRIAN FOSTER, and
GARY H. HAMBLIN,

                Defendants.

# DECISION AND ORDER

The plaintiff, a state prisoner, filed a *pro se* complaint under 42 U.S.C. § 1983, along with a motion for leave to proceed *in forma pauperis*. By Order entered August 10, 2012, the plaintiff was instructed to pay an initial partial filing fee of $6.51. He also was given twenty-one days to voluntarily dismiss before he incurred the $350.00 filing fee. On August 27, 2012, the Court received the plaintiff's initial partial filing fee. In an Order entered September 30, 2012, the Court granted the plaintiff's motion for leave to proceed *in forma pauperis*, assessed the $343.49 remainder of the filing fee, and gave the plaintiff an opportunity file an amended complaint by November 2, 2012. The Court did not receive an amended complaint from the plaintiff. Instead, the plaintiff filed a letter written with the assistance of another prisoner. In the letter, the plaintiff asks to dismiss this lawsuit. He

further asks the Court to void the remaining balance of the filing fee because the plaintiff was misled by another prisoner into believing he had a claim. He indicates that he cannot read or write and has had problems in the prison as a result.

Regardless of the plaintiff's arguments, the Court is bound by the statute, and he incurred the filing fee by filing the complaint. 28 U.S.C. § 1915(b)(1); *see also Newlin v. Helman*, 123 F.3d 429, 433-34 (7th Cir. 1997), rev'd on other grounds by, *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000) and *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000). Additionally, the plaintiff was given the opportunity to voluntarily dismiss without incurring the filing fee but did not do so. Instead, he paid the initial partial filing fee. The Court will deny the plaintiff's motion for order voiding the remaining filing fee balance.

The plaintiff must pay the remainder of the filing fee whether he continues with this case or dismisses his claims. The Court will give the plaintiff additional time to consider filing an amended complaint now that he knows that. Accordingly, the dismissal of this case will be deferred until **Friday, December 7, 2012**. A copy of the Court's § 1983 form complaint, which is required for *pro se* prisoners, will be mailed to the plaintiff with this order, and the plaintiff may file it by **Friday, December 7, 2012**. If the plaintiff does not file an amended complaint by that date, the dismissal will become effective. If the plaintiff files an amended complaint by that date, it will be screened pursuant to § 1915(e)(2).

**IT IS THEREFORE ORDERED** that the plaintiff's motion to voluntarily dismiss case (Docket #10) is **granted**.

**IT IS FURTHER ORDERED** that this case will be **dismissed** effective **Friday, December 7, 2012**, unless prior to that date the plaintiff files an amended complaint using the Court's § 1983 complaint form and setting forth his claims against the defendants in plain English.

**IT IS FURTHER ORDERED** that the plaintiff's motion for order voiding remaining filing fee balance (Docket #10) is **denied**.

Dated at Milwaukee, Wisconsin, this 16th day of November, 2012.

**SO ORDERED,**

_____
**HON. RUDOLPH T. RANDA**
**U. S. District Judge**