# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ERIC K. WELLS,

                Plaintiff,

        -vs-                                    Case No.   12-cv-804

S. MILLER,
BRIAN FOSTER, and
KELLY SALINAS,

                Defendants.

## DECISION AND ORDER

The plaintiff has submitted a proposed amended complaint, which is now before the Court for screening. The plaintiff also filed a motion for order authorizing payment of the filing fee from the prisoner's release account and a motion to appoint counsel.

### I. SCREENING

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing

2

*Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**A. Complaint Averments**

On November 7, 2011, the plaintiff submitted an interview request to defendant S. Miller asking for help with his legal work because he cannot read or write well. A Wisconsin Department of Corrections Division of Adult Institutions policy makes such help

3

available. Miller responded on November 15, 2011, and asked the plaintiff for documentation of his learning disability. The plaintiff provided Miller with copies of test scores showing the plaintiff was only able to read fifteen individual letters and three whole words. But Miller wrote again, asking for the information from another source. The plaintiff sent his inmate classification report showing that he was enrolled in adult basic education with a 0-0 reading letter. Miller said that the documentation was insufficient, even though the scores were from a standard test that was given to the plaintiff by Kettle Moraine Correctional Institution.

On December 2, 2011, the plaintiff wrote to defendant Warden Brian Foster regarding the issue, but the plaintiff received no response.

The plaintiff filed an inmate complaint on January 17, 2012, which was denied by defendant Kelly Salinas because it was beyond the 14 calendar day limit. The plaintiff filed an appeal and explained that the 14 day limit expired because the plaintiff was waiting for a response from Warden Foster.

The plaintiff suggests that his rights were violated under the 1st, 6th, 7th, and 14th Amendments. He also asserts claims under the Americans with Disabilities Act (ADA) and a class of one equal protection claim.

**B. Discussion**

As an initial matter, the plaintiff asserts that he properly exhausted his administrative remedies. However, exhaustion is an affirmative defense, and the burden of

4

proof is on the defendants. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (citing *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004)). Accordingly, the Court will not make a determination regarding exhaustion at this time.

The Court will now turn to the plaintiff's proposed claims.

The plaintiff asserts that the denial of legal assistance denied him access to the courts. To state a denial of access claim, the plaintiff must explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions," *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted); accord *Guajardo-Palma v. Martinson*, 622 F.3d 801, 805-06 (7th Cir. 2010). This requires a plaintiff to identify the underlying claim that was lost. *See Christopher v. Harbury*, 536 U.S. 403, 416 (2002); *Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007).

The plaintiff avers that his workers compensation case, WC-868-535845, was dismissed because he did not have legal assistance. Thus, the plaintiff has stated an access to the courts claim.

With regard to his references to the 6th and 7th Amendments, the plaintiff may not proceed on any claims. The 6th Amendment applies only to criminal prosecutions, and the defendants have not violated the plaintiff's 7th Amendment right to a jury trial in this action. To the extent the plaintiff believes that the defendants violated his rights under these amendments with regard to his dismissed workers compensation case, these rights to speedy

5

trial, counsel, and trial by jury do not apply to state administrative hearings such as workers compensation.

Next, the plaintiff asserts that the refusal to provide him with legal assistance violated the ADA. Title II of the Americans with Disabilities Act of 1999 (ADA), 104 Stat. 337, 42 U.S.C. § 12131 et seq., provides:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132. Title II applies to state prison inmates. *Penn. Dep't of Corrections v. Yeskey*, 524 U.S. 206, 213 (1998).

To state a claim under Title II of the ADA, the plaintiff must allege that he was excluded from participation in a public entity's program because of his disability. *Glick v. Walker*, 272 Fed. Appx. 514, 520-21 (7th Cir. 2008). (citations omitted). However, in this case, the plaintiff asserts that he was deprived of assistance with his legal work because his documentation of his disability was not sufficient. In effect, the plaintiff was told that he was not disabled enough to receive legal assistance. Accordingly, he will not be allowed to proceed on an ADA claim.

Finally, the plaintiff asserts a class of one equal protection claim because he believes that there was no rational basis for him being denied help with his legal work. According to the Seventh Circuit's en banc per curiam opinion in *Del Marcelle v. Brown*

6

*Cnty. Corp.*, 680 F.3d 887, 888 (7th Cir. 2012), "[t]he law concerning "class of one" equal-protection claims is in flux, and other courts faced with theses cases may find the discussion in the three opinions in this case helpful." The court then published three separate opinions discussing possible standards for class-of-one claims. Recently, in an unpublished decision, the Seventh Circuit reaffirmed that even though it "has divided over the necessity of showing illegitimate animus, the law is settled that a class-of-one plaintiff must show at least intentionally discriminatory treatment lacking a rational basis." *Jordan v. Cockroft*, No. 12-1633, 2012 WL 3104876, at *2 (7th Cir. Aug. 1, 2012) (citing *Del Marcelle*, 680 F.3d at 899, 913).

According to the plaintiff's complaint, the defendants refused to rely on scores from the Department of Corrections' own test to establish the plaintiff's need for assistance. At this stage, the court will allow plaintiff to proceed on class of one equal protection claim.

Now the Court must consider the proper defendant(s) for the plaintiff's claims. In order "[t]o recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right." *Johnson v. Snyder*, 444 F.3d 579, 583 (7th Cir. 2006) (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 [7th Cir. 1995]). In order to be personally responsible, an official "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id.* The Court of Appeals for the Seventh Circuit has held that "'[a] prison official's knowledge of prison conditions learned from an inmate's communication can . . . require the officer to exercise his authority and to

7

take the needed action to investigate, and if necessary, to rectify the offending condition.'" *Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999) (quoting *Vance v. Peters*, 97 F.3d 987, 993 [7th Cir. 1996]). Because defendant Miller made the decision and defendant Foster received a letter from the plaintiff and failed to address the problem, the plaintiff may proceed against defendants Miller and Foster on his access to the court and class of one equal protection claims.

However, the plaintiff may not proceed on any claims against inmate complaint examiner Kelly Salinas.

> Public officials do not have a free-floating obligation to put things to rights, disregarding rules ... along the way. Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to the bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen.

*Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009).[1] Thus, "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a complete act of misconduct does not." *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). "One can imagine a complaint examiner doing her appointed tasks with deliberate indifference to the risks imposed on

---

[1] Salinas was the inmate complaint examiner defendant whose dismissal at screening was upheld by the Seventh Circuit in *Burks v. Raemisch*, 555 F.3d 592 (7th Cir. 2009).

8

prisoners. If, for example, a complaint examine routinely sent each grievance to the shredder without reading it, that might be a ground of liability. Or a complaint examiner who intervened to prevent the medical unit from delivering needed care might be thought liable." *Burks*, 555 F.3d at 595) (citations omitted).

Here, again, Salinas did her job when she considered the plaintiff's inmate complaint. She was not required to do more.

In summary, the plaintiff may proceed on access to the court and class of one equal protection claims against defendant Miller and Foster.

## II. PLAINTIFF'S MOTIONS

The Court will now turn to the plaintiff's motion for authorization to pay filing fee from prisoner's release account. While the plaintiff's legal argument is correct that money in a prisoner's release account may be made available for paying court filing fees, the decision is discretionary. A review of the plaintiff's prisoner trust account statement reveals that he does not have enough funds in his release account to pay the remainder of the filing fee. Additionally, the Wisconsin Department of Corrections offender locator suggests that the plaintiff has a mandatory release or extended supervision date of November 9, 2014, less than two years from now. The Court will decline to empty the plaintiff's release account because doing so would not satisfy the plaintiff's debt to the Court and his release date is relatively soon. This motion will be denied.

Finally, the plaintiff filed a motion to appoint counsel. He also filed an

9

affidavit from another inmate who states that he helped the plaintiff with his amended complaint.

Although civil litigants do not have a constitutional or statutory right to appointed counsel, the Court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt*, 503 F.3d at 654; *Zarnes*, 64 F.3d at 288. Once this threshold burden has been met, the Court must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Pruitt*, 503 F.3d at 654-655 (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)).

In his motion, the plaintiff states that he has unsuccessfully made three attempts to secure counsel. The motion then says "See attached," but there is no additional documentation. Even accepting that the plaintiff has made reasonable attempts to secure counsel on his own and acknowledging that he received assistance from another inmate in preparing his complaint, this motion will be denied. The Court may only judge the pleadings before it and, at this time, concludes that the plaintiff is competent to litigate this case. The plaintiff's proposed amended complaint is clear and effectively communicates the plaintiff's

10

claims to the Court. Further, even if the inmate who has assisted the plaintiff thus far is no longer able to do so, there is no indication that the plaintiff would be unable to find assistance from someone else.

### III. ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for order authorizing payment of the filing fee from prisoner's release account (Docket #14) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket #15) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Kelly Salinas is **dismissed** as a defendant in this action.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on state defendants, S. Miller and Warden Brian Foster.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, defendants Miller and Foster shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

11

> Honorable Rudolph T. Randa
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is notified that from now on, he is required under Federal Rule of Civil Procedure 5(a) to send a copy of every paper or document filed with the court to the opposing party or, if the opposing party is represented by counsel, to counsel for that party. Fed. R. Civ. P. 5(b). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the opposing party or that party's attorney, if the party is represented by an attorney.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 28th day of January, 2013.

**SO ORDERED,**

_____
**HON. RUDOLPH T. RANDA**
**U. S. District Judge**