# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ERIC K. WELLS,

            Plaintiff,

       -vs-                                  Case No. 12-cv-804

S. MILLER, and
BRIAN FOSTER,

            Defendants.

# DECISION AND ORDER

The plaintiff, Eric K. Wells, a state prisoner, is proceeding *pro se* and *in forma pauperis* in this case. In an Order entered January 28, 2013, the Court allowed the plaintiff to proceed on two claims under 42 U.S.C. § 1983: (1) an access to the courts claim predicated on the dismissal of the plaintiff's workers compensation case because he did not have legal assistance; and (2) a class of one equal protection claim because the plaintiff believes there was no rational basis for him being denied assistance with his legal work.

The defendants subsequently filed a motion to dismiss. They argue that they are entitled to dismissal of the plaintiff's complaint because (1) workers compensation claims are not the type of legal injury required to state an access to the courts claim; and (2) the plaintiff failed to allege that he was treated differently than similarly situated inmates, which is required to state a class of one equal protection claim.

The plaintiff was given additional time to respond to the defendants' motion, but he failed to do so. Rather than a response to the motion, the plaintiff submitted a letter asking the Court to proceed with this case on the materials already presented to the Court (including the plaintiff's sworn complaint) or to keep the case open until he is released from prison in November 2014. The Court will not delay the case and will consider the motion on the materials in the current record.

## I. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *See* Fed.R.Civ.P. 12(b)(6). To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a short and plain statement of the claim showing that he is entitled to relief. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

For the purposes of a motion to dismiss, a judge must accept as true all of the factual allegations in the complaint. *Erickson*, 551 U.S. at 94. However, the plaintiff is obligated to provide more than labels and conclusions and a "formulaic recitation of the elements of a cause of action will not do ...." *Twombly*, 550 U.S. at 555 (internal citations

omitted). Rather, the complaint allegations "must be enough to raise a right to relief above the speculative level." *Id.*

On a motion to dismiss, the Court may consider, in addition to the allegations set forth in the complaint itself, "documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williams v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013); *see also* Fed.R.Civ.P. 10(c).

## II. DISCUSSION

### A. Access to the Courts

The plaintiff asserts that he was denied access to the courts because the defendants did not provide him with legal assistance under the a Wisconsin Department of Corrections (DOC) Division of Adult Institutions (DAI) policy. At screening, the Court concluded that the plaintiff stated an access to the courts claim because he averred that his workers compensation case, WC-868-535845, was dismissed because he did not have legal assistance. Upon further review of the case law, the Court concludes that the plaintiff's access to the courts claim should be dismissed.

In *Snyder v. Nolen*, 380 F.3d 279, 290-91, the Seventh Circuit acknowledged the parallel development of two distinct lines of cases regarding access to the courts. "In one line of cases, the Supreme Court has held that the fundamental right of access to the courts requires prison authorities to provide prisoners with the tools necessary 'to attack their

sentences, directly or collaterally, and in order to challenge the conditions of their confinement.'" *Id.* at 290 (quoting *Lewis v. Casey*, 518 U.S. 343, 355 (1996)). In the other line of cases, "the Supreme Court also has held that the First Amendment right to petition the government includes the right to file other civil actions in court that have a reasonable basis in law or fact." *Id.* (citations omitted).

The Seventh Circuit confirmed that "[t]he right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process." *Id.* at 291. However, the plaintiff does not present this type of access to the courts claim. Plaintiff does not allege that he was prevented from filing documents with the court or an administrative agency.

Instead, the plaintiff suggests that he lost his workers compensation case because the defendants did not provide him with legal materials and/or legal assistance. This type of claim is only available for certain types of underlying cases. "A prisoner states an access-to-courts claim when he alleges that even though he successfully got into court by filing a complaint or petition challenging his conviction, sentence, or conditions of confinement, his denial of access to legal materials caused a potentially meritorious claim to fail." *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006). The Seventh Circuit reiterated this requirement when it said that "a prisoner's complaint must 'spell out, in

4

minimal detail, the connection between the alleged denial of access to legal materials and the inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions.'" *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (quoting *Marshall*, 455 F.3d at 968).

While the plaintiff generally has a right to pursue a workers compensation case while in prison, the prison is not required to provide him with legal assistance to pursue it. The prison only has an affirmative duty to provide those legal materials (or assistance, as the plaintiff wanted here) in cases that present a legitimate challenge to a conviction, sentence, or prison conditions. *Marshall*, 455 F.3d at 969; *Ortiz*, 561 F.3d at 671. The plaintiff's workers compensation case does not fall into any of those categories. As a result, the plaintiff has failed to state an access to the courts claim and the defendants' motion to dismiss will be granted as to this claim.

## B. Class of One Equal Protection

The defendants also move to dismiss the plaintiff's class of one equal protection claim. According to the plaintiff's complaint, the defendants refused to rely on scores from the Department of Corrections' own test to establish the plaintiff's need for assistance.

"The Equal Protection Clause of the Fourteenth Amendment prohibits state action that discriminates on the basis of membership in a protected class or irrationally targets an individual for discriminatory treatment as a so called 'class of one.'" *Reget v. City of LaCrosse*, 595 F.3d 691, 695 (7th Cir. 2010). A class of one plaintiff must plead and

prove that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 685-86 (7th Cir. 2013) (quoting *Engquist v. Oregon Dep't of Agriculture*, 553 U.S. 591, 601 (2008)). Even at the pleading stage, a plaintiff must anticipate the burden of eliminating "any reasonably conceivable state of facts that could provide a rational basis" for the government action. *Srail v. Village of Lisle, Ill.*, 588 F.3d 940, 946 (7th Cir. 2009). Likewise, he must provide a sufficiently plausible basis to overcome the applicable presumption of rationality. *Kopp*, 725 F.3d at 686; *Flying J Inc. v. City of New Haven*, 549 F.3d 538, 546-47 (7th Cir. 2008). However, "[p]laintiffs alleging class of one equal protection claims do not need to identify specific examples of similarly situated persons in their complaints." *Capra v. Cook County Bd. of Review*, 733 F.3d 705, 717 (7th Cir. 2013).

Defendants persuasively argue that the decision whether to provide legal assistance to a prisoner is the type of discretionary decision the Supreme Court addressed in *Engquist*. In *Engquist*, the Supreme Court held that a class of one claim was a "poor fit in the public employment context." 553 U.S. at 605. "To treat employees differently is not to classify them in a way that raises equal protection concerns. Rather it is simply to exercise the broad discretion that typically characterizes the employer employee relationship." *Id.*

The Seventh Circuit has extended *Engquist* to other discretionary governmental decisions. *See Srail*, 588 F.3d at 944-45 (applying Engquist to a municipality's "subjective and individualized" assessment to extend water to some communities but not others); *United*

*States v. Moore*, 543 F.3d 891, 898-901 (7th Cir. 2008) (A class of one argument is as much a poor fit in prosecutorial discretion context as it is in public employment context); *Adams v. Meloy*, 287 Fed. Appx. 531, 534 (7th Cir. 2008) (The parole board's inherent discretion necessitates that some prisoners will receive more favorable treatment than others.). Additionally, the Seventh Circuit has "interpreted *Engquist* to stand for the broad proposition that inherently subjective discretionary governmental decisions may be immune from class of one claims." *Abcarian v. McDonald*, 617 F.3d 931, 939 (7th Cir. 2010).

Other courts have applied Engquist to bar class of one claims brought by prisoners, including the Western District of Wisconsin. *Knowlin v. Gray*, No. 12-cv-926-bbc, 2013 WL 541525, at *2-3 (W.D. Wis. Feb. 13, 2013); *Jackson v. Flieger*, No. 12-cv-220-bbc, 2012 WL 5247275, at *4 (W.D. Wis. Oct. 23, 2012). In the Western District of Michigan, a court concluded, "The class of one equal protection theory has no place in the prison context where a prisoner challenges discretionary decisions regarding security classifications and prisoner placement." *Dawson v. Norwood*, No. 1:06-cv-914, 2010 WL 2232355, *2 (W.D. Mich. 2010). In the Eastern District of Pennsylvania, the court stated, "[W]e cannot allow this claim for an Equal Protection violation to proceed to trial. We simply are not prepared to intrude so far into the day-to-day operations of the prison to say that on any given occasion, the prison could have no rational basis for moving a prisoner into administrative segregation or moving a prisoner to a new job." *Russell v. City of Philadelphia*, No. 08-cv-5442, 2010 WL 2011593, *9 (E.D. Pa. 2010).

7

The decision whether to provide a prisoner with legal assistance is inherently discretionary, subjective, and dependent upon the individual prisoner and the circumstances of the request. The plaintiff attached a copy of DOC DAI Policy 301.15.01 to his complaint. In relevant part, it provides, "Access accommodations will be made for inmates with documented special needs (including physical and cognitive disabilities) on a case by case basis." (Complaint, Exhibit O, p. 3, ECF 1-15). The discretion is written into the language of the policy. Additionally, the Court owes "wide-ranging deference" to the decisions of jail administrators. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). Ultimately, this Court concludes that *Engquist* bars the plaintiff from bringing a class of one Equal Protection claim regarding the decision not to provide him with legal assistance for his workers compensation case.

Even if the plaintiff's claim survives *Engquist*, there is a rational reason for the decision not to provide the plaintiff with legal assistance based on his test scores alone. In his complaint and his amended complaint, the plaintiff asserts that he cannot read or write and that his test scores should automatically qualify him for legal assistance. However, he attached an Inmate Classification Report to his original complaint that states: "PRC notes he does create numerous legal documents but chooses not to read in the tests." (Complaint, Exhibit H, p. 3, ECF 1-8). Based on the plaintiffs complaints and his exhibits, the rational basis for the plaintiff not receiving legal assistance, despite his poor test scores, was the suspicion that he could read and write at a higher level and chose to do poorly on the tests.

## III.  ORDER

**IT IS THEREFORE ORDERED** that the defendants' motion to dismiss (Docket #19) is **granted**.

**IT IS FURTHER ORDERED** that this case is DISMISSED with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 10th day of March, 2014.

**SO ORDERED,**

*/s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U. S. District Judge**